UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATALE BIONDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KOOTENAI HOSPITAL DISTRICT,<br><br>　　　　　Defendant. | Case No. 1:17-cv-00039-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendant's Motion to Dismiss or for an Order for More Definite Statement (Dkt. 9). For the reasons explained below, the Court will grant the motion in part and deny the motion in part.

# BACKGROUND

Biondo is a Physician's Assistant. He asserts that he applied for medical staff privileges at the Kootenai Hospital District ("Kootenai Health"). He claims that the credentialing committee unanimously recommended that his application be approved by the board, but the board thereafter met and denied his request. *Amended Compl.* ¶ 7-8. Biondo filed this lawsuit alleging due process and antitrust violations.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866, n.1 (9th Cir. 2004)**.** The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

---

Pursuant to Fed.R.Civ.P. 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for more definite statement must "point out the defects complained of and the details desired." Id.

**ANALYSIS**

Biondo asserts four claims in his Amended Complaint: (1) Due process violation of both State and Federal law; (2) Violation of the Clayton Antitrust Act; (3) Violation of the Sherman Antitrust Act; and (4) Violation of the Idaho Competition Act. Only the due process claim survives the motion to dismiss.

**1. Due Process Claim**

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Engquist v. Oregon Dept. of Agriculture*, 478 F.3d 985 (9th Cir. 2007)(internal citations omitted). Biondo asserts that he has a property interest in "his Physician's Assistant license and medical staff privileges at Kootenai Health." *Amended Complaint*, ¶ 13. He asserts that he was denied due process because Kootenai Health did not give him a hearing before denying him medical privileges at the hospital.

"Idaho Code § 39–1395 mandates that hospitals have a process for considering applications for medical staff membership and privileges that affords each applicant due process." *Miller v. St. Alphonsus Regional Medical Center, Inc.*, 87 P.3d 934, 944 (Idaho

2004). The Idaho legislature has not specified the type of process due under these circumstances, but the "common definition of procedural due process is the opportunity upon reasonable notice for a fair hearing before an impartial tribunal." *Id.*

Biondo asserts that the credentialing committee unanimously recommended that his request for medical staff privileges be approved by the Kootenai Hospital District Board. *Amended Compl.* ¶ 7. He then asserts that the board met and denied his request for medical staff privileges. *Id.* ¶ 8. Although the Amended Complaint does not directly state that he was not given a hearing, it is easily implied that there was no hearing, and Kootenai Health does not suggest otherwise in its brief. Biondo has thus asserted a valid procedural due process claim.

In procedural due process claims, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Here, it is alleged there was no hearing at all, despite the statutory requirement for one. Accordingly, the Court will deny the motion to dismiss or for more definite statement as it relates to Biondo's due process claim.

2. **Sherman Act Claim**

Biondo alleges that Kootenai Health violated § 1 of the Sherman Act, which prohibits "any contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1. To state a claim under § 1, Biondo must plead facts that plausibly suggest "(1) an agreement or conspiracy among two or more

MEMORANDUM DECISION AND ORDER - 5

persons or distinct business entities, (2) by which the persons or entities intend to harm or restrain competition, and (3) which actually injures competition." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 507 (9th Cir. 1989). Additionally, he must allege that Kootenai Health had "'a conscious commitment to a common scheme designed to achieve an unlawful object.'" *Monsanto Co. v. Spray-Rite Corp.*, 465 U.S. 752, 764 (1984) (citation omitted).

Biondo has wholly failed to allege a violation of the Sherman Act. He simply asserts that Kootenai Health engages in interstate commerce, and that it violated the Sherman Act. But he does not indicate who the "two or more" persons or business are who engaged in an agreement or conspiracy, he does not indicate how they intended to harm or restrain competition, and he does not suggest any specific, actual injury to competition. Accordingly, the Court will dismiss the Sherman Act claim, with leave to amend as explained below.

### 3. Clayton Act Claim

The Clayton Act was created after the Sherman Act to specify certain prohibited antitrust conduct. It addresses areas such as mergers and acquisitions, monopolies, exclusive dealings, and price fixing. Biondo makes only a broad allegation that his denial of medical staff privileges was motivated by Kootenai Health's plan to limit privileges to individuals or entities controlled by Kootenai Health. He references no particular section of the Clayton Act, and he gives no explanation of how Kootenai Health's actions violate the Clayton Act. Under these circumstances, neither the defendant nor the Court can

understand his claims or respond to them. Accordingly, the Court will grant the motion to dismiss with leave to amend as explained below.

4. **Idaho Competition Act Claim**

The Idaho Competition Act was created to "maintain and promote economic competition in Idaho commerce. . . ." I.C. § 48-102(2). It is meant to be "construed in harmony with federal judicial interpretations of comparable federal antitrust statutes. . . ." I.C. § 102(3). Like the Sherman Act, the Idaho Competition Act delineates types of prohibited antitrust behavior, such as conspiracies between two or more persons in unreasonable restraint, monopolies, acquisitions to substantially lessen competition, etc. I.C. § 48-104-106.

Biondo asserts that "[t]he actions of Kootenai Health have or will unreasonably restrain trade in violation of Idaho Code § 48-104." *Amended Complaint*, ¶ 31. Idaho Code § 48-104 states that "[a] contract, combination, or conspiracy between two (2) or more persons in unreasonable restraint of Idaho commerce is unlawful." I.C. § 104. But Biondo fails to reference any contract, he fails to identify the two or more persons involved, and he fails to explain how any of this unreasonably restrains Idaho commerce. Under these circumstances, the Court will grant the motion to dismiss the Idaho Competition Act claim with leave to amend.

5. **Leave to Amend**

As explained above, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). Here, the Court has serious reservations

that Biondo can amend his complaint to assert the three antitrust claims addressed above. But it is not beyond doubt – only because the Amended Complaint is completely lacking in detail. Accordingly, the Court will grant Biondo leave to amend his antitrust claims, but the Court cautions Biondo that he should not assert another set of antitrust claims which he has no chance of proving. Biondo should only amend his complaint if he can assert very detailed claims of how Kootenai Health has violated the antitrust laws.

For example, if he is asserting a Sherman Act claim, he must name the conspirators and explain how they are conspiring to restrain commerce. If there is some sort of anti-competitive contract, he must reference it. If Biondo is asserting a monopoly on medical staff privileges, he must explain how Kootenai Health has a monopoly. He must generally define the market which he claims is restrained. He must also allege how the conduct of the conspiracy **unreasonably** restrains competition.

If he continues to assert a Clayton Act claim he must identify the specific provisions of the Act which he alleges was violated by Kootenai Health. Then, he must allege specific facts which cover each of the elements of that claim.

Likewise, if he believes he can make a viable claim under the Idaho Competition Act, he must identify the specific antitrust behavior of Kootenai Health prohibited by the Act, and then set forth factual allegations which satisfy each element of that claim.

In sum, the amended complaint must detail his allegations. Restating the antitrust statutes, and simply suggesting that Kootenai Health's actions are a violation of those laws is not enough.

Finally, as counsel are aware, during the TSC counsel and the Court's staff agreed to postpone finalizing a discovery plan and CMO until after the Court issued a decision on this motion to dismiss because the breadth of discovery is significantly affected by whether the antitrust claims survive. Therefore, if Biondo decides not to amend his complaint, counsel for Biondo should contact the Court immediately to schedule another TSC. If Biondo chooses to amend his complaint, the Court will wait to see how Kootenai Health responds before setting another TSC. If Kootenai Health files another motion to dismiss, the Court will address that motion before setting the TSC. If Kootenai Health files an answer, counsel for Kootenai Health should contact the Court to schedule the TSC right away.

## ORDER

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss or for an Order for More Definite Statement (Dkt. 9) is **GRANTED in part** and **DENIED in part** as explained above. Biondo may file an amended complaint within 14 days of the date of this order.

DATED: May 18, 2017

B. Lynn Winmill  
Chief Judge  
United States District Court