UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATALE J. BIONDO,<br><br>  Plaintiff,<br><br>  v.<br><br>KOOTENAI HOSPITAL DISTRICT,<br>d/b/a, KOOTENAI HEALTH<br><br>  Defendant. | Case No. 2:17-cv-00039-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendant Kootenai Hospital District's Renewed Motion to Dismiss (Dkt. 19). Having reviewed the briefing and the record, the Court enters the following Order granting Kootenai's motion.

## BACKGROUND

Natale J. Biondo was, and is, a licensed physician's assistant in the State of Idaho. *Second Amended Complaint* ¶ 5, Dkt. 18. He applied for medical staff privileges at Kootenai Health. *Id.* ¶ 7. Despite a positive recommendation from the credentialing committee, the Kootenai Hospital District Board denied Biondo's request for medical staff privileges. *Id.* ¶¶ 7,8. They expressed the following reasons as their justification for that decision:

- Documented poor clinical judgment.
- Documented unwillingness or inability to learn basic clinical concepts.

- Termination of employment at Kootenai Health in September 2010 due to failure to maintain certification as required by medical staff policy.
- Rehired by Kootenai Health in June 2013. "Notice of Intent to Terminate" Issued and acknowledged by [Biondo] October 2015 for failure to comply with performance improvement plans. The letter resulted in [Biondo's] resignation.
- Not eligible for rehire at Kootenai Health due to the reasons listed above.

*Second Amended Complaint*, Exhibit B, Dkt. 18. Biondo then filed his complaint in this action, claiming that his constitutional due process rights were violated, and that Kootenai Health violated Idaho Code § 48-105, the Sherman Act, 15 U.S.C. §§1-7, and the Clayton Act, 15 U.S.C. §§12-27. *Id.* ¶¶ 18–39. The Court granted in part and denied in part Defendants' first motion to dismiss – denying the motion as to the due process claims, but granting it on all other claims (Sherman Act, Clayton Act, and Idaho Competition Act claims) with leave to amend. Biondo filed an amended complaint, which Defendants have again asked the Court to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

"state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id.* Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v.*

*Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866, n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

1. **State and Federal Antitrust Claims**

For a private citizen to bring a claim under the federal antitrust laws,

> [a plaintiff] must prove antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful. The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation. It should, in short, be 'the type of loss that the claimed violations … would be likely to cause.'

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977) (citing *Zenith Radio Corp. v. Hazeltine Research*, 395 U.S. 100, 135 (1969)). Specifically, a private

citizen bringing an antitrust claim must show that his "injury flows from those aspects or effects of the conduct that are harmful to consumer welfare." *Rebel Oil Co., Inc. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1445 (9th Cir. 1995). Plaintiffs must show more than "mere injury to their own positions as competitors in the market." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir. 1989). The same requirement holds true under Idaho's Consumer Protection Act. *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 238 (1982); I.C. § 48-101–118. Furthermore, "[f]ederal case law [can be] considered to establish unreasonable restraint of Idaho commerce," *Zoellner v. St. Luke's Regional Medical Center, Ltd.*, 937 F.Supp.2d 1261, 1266 (D. Idaho 2013), and, therefore, the antitrust injury requirement applies with equal force to claims brought under both Federal law and the Idaho Competition Act, I.C. §§ 48-101–118.

Despite the very specific admonition given by the Court when it granted leave to amend the Complaint, Biondo has still failed to allege an antitrust injury. That is, he fails to state an injury that flows from the alleged antitrust violations. Biondo merely claims that his application for medical staff privileges was denied. However, other than a bare recitation of the elements, Biondo has not asserted any possible scenario in which this denial of medical staff privileges was the result of Kootenai Health's alleged monopolization or attempt to monopolize. Biondo was denied medical privileges, not because of a monopoly or an attempt to monopolize, but because of his poor employment record. Therefore, Defendant's motion to dismiss Count's Two, Three, Four, and Five is

granted, this time without leave to amend, since he has already been given that opportunity.

## ORDER

**IT IS HEREBY ORDERED:**

1. Plaintiff's Renewed Motion to Dismiss (Dkt. 19) is **GRANTED** and Counts Two, Three, Four, and Five are dismissed.

DATED: August 28, 2017

B. Lynn Winmill
Chief Judge
United States District Court